UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

MCGEE INSURANCE AND
FINANCIAL SERVICES, LLC, a
Florida limited liability company,

CASE NUMBER:

6:09-cv-1634-Orl-18GJK

Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
a Foreign Corporation

Defendant.
_____/

## VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **MCGEE INSURANCE AND FINANCIAL SERVICES, LLC,** a Florida limited liability company, (hereinafter referred to as the "Plaintiff") sues the Defendant, **ALLSTATE INSURANCE COMPANY,** a Foreign corporation, (hereinafter referred to as the "Defendant"), and as grounds therefore would state as follows:

### INTRODUCTION

1. This is a civil action seeking injunctive relief and damages against the Defendant, Allstate Insurance Company. To prevent immediate and irreparable harm, the Plaintiff seeks injunctive relief to stop the wrongful termination of the Plaintiff's Exclusive Agency Agreement with the Defendant.

1

## JURISDICTION AND VENUE

2. The Court has "diversity jurisdiction" over this action pursuant to 28 U.S.C. § 1332(a).

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as this cause of action arose out of acts or omissions occurring within the Middle District of Florida.

## PARTIES

5. The Plaintiff, **MCGEE INSURANCE AND FINANCIAL SERVICES, LLC**, is a Florida limited liability company whose principal place of business is located at 400 W 25th Street, Sanford, Florida 32771.

6. The Defendant, **ALLSTATE INSURANCE COMPANY**, is a Foreign corporation whose principal place of business is located at 2775 Sanders Road, Northbrook, Illinois 60062.

## PROCEDURAL HISTORY

7. On September 1, 2006, the Plaintiff, McGee Insurance and Financial Services, LLC, entered into an Allstate R3001C Exclusive Agency Agreement (hereinafter referred to as the "Agreement") with the Defendant, wherein the Plaintiff was appointed to act as insurance agencies on behalf of the Defendant. A copy of the Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.

8. On July 6, 2009, the Plaintiff received a letter from the Defendant purportedly terminating the Agreement, effective immediately.

9. The Defendant's July 6, 2009 letter stated that the Plaintiff's Agreement was being terminated for reasons that include violation of Allstate Agency Standards relating to remittance.

10. In addition to injunctive relief, the Plaintiff is seeking damages for breach of contract, breach of covenant of good faith and fair dealing, tortious interference with advantageous business relationships, and violations of Florida's Deceptive and Unfair Trade Practices Act (hereinafter referred to "FDUPTA")

## ALLEGATIONS AND FACTUAL BACKGROUND

11. On September 6, 2006, the Plaintiff entered into an Exclusive Agency Agreement with the Defendant wherein she was appointed as an agent of the Defendant for the purpose of soliciting, selling, and servicing insurance and other related business transactions.

12. Within six months of the Plaintiff's hiring, Cynthia McGee, the Managing Member of the Plaintiff was named agent of the year for its Territory.

13. By November of 2007, the Plaintiff had purchased a building and opened an Allstate Agency in Sanford, Florida.

14. During the course of the Plaintiff's relationship with the Defendant, the Plaintiff enjoyed an average 93.6% compliance rating which is issued by the Defendant after internal auditing is conducted.

15. However, on July 6, 2009, the Plaintiff received a letter from the Defendant terminating its Agreement in accordance with Section XVII(B)(3) of the Agreement for violations of Allstate Agency Standards relating to remittance. A copy of the Defendant's July 6, 2009 letter is attached hereto as Exhibit "B" and is incorporated herein by reference.

16. Immediately, upon the Plaintiff purported termination, its internal computers were "swiped" clean by the Defendant, who also took control of it's telephone number. As a result, whenever the Plaintiff's customers attempt to contact its office, their respective calls are being forwarded to the Defendant's call center.

17. Further, the Defendant immediately removed the Plaintiff's signage from its business.

18. Moreover, since purporting to terminate the Plaintiff's Agreement, all customers of the Plaintiff still receive correspondence from the Defendant as if it is coming directly from the Plaintiff.

19. After the Plaintiff's purported termination, a thorough compliance review was conducted by the Defendant's representative, Marva Perry, on July 10, 2009, wherein it was determined that not only was the Plaintiff's agency in compliance with Allstate standards with a compliance rate of 95.3%-100%, but that the Plaintiff's banking remittance resulted in an "excellent" balance based on a report from the Defendant's remittance department.

20. On, July 9, 2009, attorney Marc P. Ossinsky, sent a letter to the Defendant on behalf of the Plaintiff requesting relevant information that would support the Defendant's right to immediately terminate the Plaintiff's Agreement in accordance with Section XVII(B)(3) of the Agreement. A copy of the July 9, 2009, letter is attached hereto as Exhibit "C" and is incorporated herein by reference.

21. At the time of filing the instant lawsuit, the Defendants have failed to provide any documentation to support the conclusion that Plaintiff was not in compliance with Allstate's

standards regarding remittances and that they were entitled to terminate the Plaintiff's agreement immediately, or pay it's compensation pursuant to Section XV of the Agreement.

22. The Defendant's attempt to deprive the Plaintiff of it's contractual rights, and to take their business, has severely impacted the Plaintiff's ability to generate income, which has caused irreparable financial harm to the Plaintiff.

## COUNT I
## INJUNCTIVE RELIEF

23. The Plaintiff realleges and incorporates paragraphs 1 through 22, above and seeks injunctive relief against the Defendant and would further allege as follows:

The Defendant, in its capacity as the "Company" under the Agreement has:

(a) Terminated the Agreement in violation of the express terms including but not limited to failing to give ninety (90) days notice of termination.

(b) Failed to provide the Plaintiff an opportunity to cure any alleged breach of the Agreement.

(c) Failed to pay the Plaintiff commissions due on policies in effect at the time of its termination.

(d) Forwarded all of the Plaintiff's customer's calls to the Defendant's call center.

(e) Immediately removed the Plaintiff's signage from it storefront;

(f) Continued to send mail to the Plaintiff's customers as if it comes directly from the Plaintiff;

(g)   Breached the implied covenant of good faith and fair dealing in the Agreement by the above-referenced actions and the intentional interference of the Defendant in the advantageous business relationships of the Plaintiff with it's customers.

(h)   Violated Section 501.204(1), Florida Statutes, by the unconscionable, unfair, and deceptive acts and practices in the conduct of trade or commerce including the acts listed in (a)-(g) above.

24.   On the date the Defendant purportedly terminated the Agreement, the Plaintiff's primary source of income was it's "book of business" and the Plaintiff has been unable to operate it's business and therefore obtain any income since the date of termination.

25.   The Plaintiff is suffering and will continue to suffer irreparable injury by the Defendant's termination of it's Agreement.

26.   The Plaintiff has no adequate remedy at law under these circumstances to be made whole.

27.   The Defendant has absolutely no right to interfere with the Plaintiff's customers due to its unlawful termination of it's Agreement and the Plaintiff is likely to succeed on the merits of this action.

28.   The public interest would not be harmed by this Court compelling the Defendant to reinstate the Plaintiff as an agent and to allow the Plaintiff to continue to operate it's business until this dispute can be resolved legally.

29.   As a result, of the foregoing, the Plaintiff has a compelling need for judicial intervention, and there is an actual controversy between the parties.

WHEREFORE, the Plaintiff respectfully requests that the Court grant a preliminary injunction, and later a permanent injunction, and final judgment granting the following relief.

a. Preliminarily and thereafter permanently enjoining the Defendant from terminating the Plaintiff's Agreement.

b. Determining and awarding Plaintiff's damages; and

c. Awarding attorney's fees and costs to Plaintiff in this action, and such other relief to which the Plaintiff is entitled by law.

## COUNT II
## BREACH OF CONTRACT

30. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. The Agreement provides in Section II, paragraph A that the Agency will act as agent for the Company of the purpose of selling, soliciting, and servicing insurance and other company business in accordance with the provisions of the Agreement.

32. Section XVII(B)(3) of the Agreement provides that the Agreement "may be terminated, with cause, immediately upon providing written notice to Agency. Cause may include, but is not limited to, breach of this Agreement, fraud, forgery, misrepresentation or conviction of crime."

33. The Defendant is in breach of the Agreement by terminating the Plaintiff's Agreement and therefore the Plaintiff's business without good cause.

34. As a direct and proximate result of the Defendant's breach of the Agreement, the Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for its actual damages and additional damages including interest, attorney's fees and costs, and such other relief as deemed just and proper.

## COUNT III
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

35. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. The Agreement includes a covenant of good faith and fair dealing that applies to the entire Agreement and which arises from its express terms.

37. The Defendants are in breach of the covenant of good faith and fair dealing as to the Plaintiff as follows:

(a) by the Defendant's termination of the Plaintiff's Agreement without cause;

(b) by the Defendant's failure to offer the Plaintiff an opportunity to cure any alleged breach of the Agreement; and

(c) by the Defendant permitting its agents and others to interfere with the Plaintiff's overall business and advantageous business relationships; and

(d) by failing to provide the Plaintiff with any supporting documentation to justify it's termination.

38. As a direct and proximate result of the Defendant's breach of their duty and covenant of good faith and fair dealing as to Plaintiff, the Plaintiff has suffered damages and will continue to suffer damages.

39. The Defendant's breach of its covenant of good faith and fair dealing as to the Plaintiff demonstrates willful misconduct, malice, wantonness, or an entire want of care, which raises the presumption of conscious indifference to consequences, and such actions were done with the specific intent to cause harm to the Plaintiff thereby entitling the Plaintiff to an award of punitive damages in order to penalize, punish, and deter the Defendants from continuing or repeating their unlawful conduct.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for Plaintiff's actual damages and additional damages including compensatory damages, interest, attorney's fees and costs, and such other relief as deemed just and proper. In addition, the Plaintiff reserve the right to seek punitive damages against the Defendant for this Count of this action and the Plaintiff intends to seek leave of this Court to pursue the punitive damages.

## COUNT IV
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

40. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41. This is an action against the Defendant for violations of Florida's Deceptive and Unfair Trade Practices Acts, Section 501.201 *et esq.*, Florida Statutes.

42. The Plaintiff developed the subject insurance agency business and created a demand for Allstate products that were supplied to it by the Defendant.

43. By reason of the services provided, money expended and efforts made, the Plaintiff established and developed a profitable business and attracted and held many steady and

satisfied customers, establishing substantial and valuable goodwill, which benefited the Defendants.

44. Under the terms of the Agreement, the Plaintiff's Agreement could not be terminated without good cause as delineated in the Agreement.

45. The Plaintiff has at all times duly performed all conditions and terms of their part to be performed under the Agreement.

46. No good cause exists or existed for the termination of the Plaintiff's Agreement by the Defendants, and the Defendants did not exercise good faith in terminating the Plaintiff's Agreement.

47. The Defendant's termination of the Plaintiff's Agreement was arbitrary, wrongful, and in breach of the Agreement between the Plaintiff and Defendant.

46. The Defendant is in violation of § 501.204(1), <u>Florida Statutes</u> as follows:

(a) by its failure to determine and properly notify the Plaintiff as to an alleged breach of the Agreement and to provide the Plaintiff with an opportunity to cure any alleged breach of the Agreement.

(b) by permitting its agents and others, to interfere with the Plaintiff's business and its advantageous business relationships.

48. The Plaintiff has suffered a complete destruction of its business, including the loss of its established goodwill.

49. The Defendants are in violation of § 501.204(1), <u>Florida Statutes</u> by its toritous interference with the Plaintiff's business, and the Plaintiff's advantageous business relationships and by wrongfully prohibiting the Plaintiff from exercising its right to operate its business.

50. The Defendant's actions constitute unconscionable, unfair and deceptive trade practices in violations of Florida's Deceptive and Unfair Trade Practices Act § 501.201 *et seq.,* Florida Statutes.

51. As a direct and proximate result of the Defendant's wrongful actions described herein, the Plaintiff has sustained actual damages as described above, and the Plaintiff will continue to accrue and sustain such damage in the future on an ongoing and continuing basis.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for:

A. Actual and compensatory and other damages contemplated by and available through Florida's Unfair and Deceptive Trade Practices Act § 501.201 *et seq.,* Florida Statutes.

B. Injunctive relief;

C. The costs of suit and reasonable attorney's fees; and

D. Such other relief as the Court deem just.

## COUNT V
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

52. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. The Defendant is aware that the Plaintiff has entered into insurance contracts with its customers and that its telephone number carries tremendous value to said business.

54. The Defendant is also aware that allowing its call center to call Plaintiff's customers would constitute a breach of their common law duty to the Plaintiff.

55. Despite that knowledge, the Defendant is engaging in tortious interference with the contractual relationships and prospective economic advantageous relationships the Plaintiff enjoys with its customers.

56. The acts of the Defendant constitute wrongful and malicious conduct undertaken without legal justification and with the knowledge and intent that its actions will cause substantial damage and injury to the Plaintiff.

57. Unless the Defendants are immediately enjoined and restrained from terminating the Plaintiff's Agreement, the Plaintiff will suffer immediate and irreparable injury for which it has no adequate remedy at law or in money damages, and other damages or injuries.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant a preliminary injunction, and later a permanent injunction, and final judgment granting the following relief.

    a. Preliminarily and thereafter permanently enjoining the Defendant from terminating the Plaintiff's Agreement.

    b. Determining and awarding Plaintiff's damages; and

    c. Awarding attorney's fees and costs to Plaintiff in this action, and such other relief to which the Plaintiff is entitled by law.

## VERIFICATION

I, Cynthia McGee, as the Managing Member of McGee Insurance and Financial Services, LLC declare as follows:

1. I am the Managing Member of McGee Insurance and Financial Services, LLC.

2. I have personal knowledge of the facts about the Allstate Insurance Company, and its activities set forth in the foregoing Motion for Temporary Restraining Order,

and if called on to testify as to these matters would do so competently,

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23rd, 2009.

_____
Cynthia McGee, and Managing Member of
McGee Insurance and Financial Services, LLC

Respectfully submitted this 23rd day of September, 2009.

_____
MICHAEL L. MOORE
Florida Bar Number: 0844462
SAM BABBS, III
Florida Bar Number: 055349
Michael L. Moore & Associates, P.A.
2208 Hillcrest Street
Orlando, FL 32803
Telephone: (407) 894-6447
Facsimile: (407) 894-0332

13